NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PRISM TECHNOLOGIES LLC,**
*Plaintiff-Cross-Appellant*

v.

**SPRINT SPECTRUM L.P., DBA SPRINT PCS,**
*Defendant-Appellant*

---

2016-1456, 2016-1457

---

**ON MOTION**

---

Appeals from the United States District Court for the District of Nebraska in No. 8:12-cv-00123-LES-TDT, Senior Judge Lyle E. Strom.

---

Before TARANTO, LINN, and CHEN, *Circuit Judges.*

PER CURIAM.

**O R D E R**

These cases, Fed. Cir. Nos. 2016-1456, -1457, involve claims 1 and 33 of U.S. Patent No. 8,127,345 and claims 7 and 37 of U.S. Patent No. 8,387,155, asserted by Prism against Sprint in *Prism Technologies LLC v. Sprint Spectrum L.P.*, No. 8-12-cv-00123 (D. Neb.). After a jury

trial, the district court entered an infringement and damages judgment against Sprint. On March 16, 2017, this court affirmed. *Prism Techs. LLC v. Sprint Spectrum L.P.*, 849 F.3d 1360 (Fed. Cir. 2017). This court's mandate issued May 15, 2017. Sprint has notified Prism that it plans to seek certiorari from this court's March ruling, and it is apparently undisputed that, as a result, the original district court judgment against Sprint remains stayed—until the time for certiorari runs without a filing or until disposition of the matter in the Supreme Court.

After this court decided *Prism v. Sprint* and issued its mandate, this court, in a different case brought by Prism against T-Mobile USA, invalidated certain claims of the '345 and '155 patents on a ground (ineligibility pursuant to 35 U.S.C. § 101) not pressed by Sprint in the present matter. *Prism Techs. LLC v. T-Mobile USA, Inc.*, Nos. 2016-2031, -2049, 2017 WL 2705338 (Fed. Cir. June 23, 2017). Based on this court's *T-Mobile* invalidity ruling, Sprint filed a motion under Fed. R. Civ. P. 60(b) in the district court in this matter. Invoking the invalidation of certain claims in *T-Mobile* as a ground for issue preclusion, Sprint's motion seeks to have the adverse judgment against it set aside and judgment entered in its favor. *See* Sprint Spectrum L.P.'s Motion for Relief from Judgment, or, in the Alternative, a Further Stay of the Case, *Prism Techs.*, No. 8:12-cv-00123 (D. Neb. June 29, 2017), ECF No. 621. That motion is pending in the district court.

Sprint now moves this court to recall its May 2017 mandate. The motion is denied. Recall is unnecessary to give effect to the preclusion law that Sprint invokes in support of its recall motion and in support of its Rule 60(b) motion in district court.

To avoid any doubt, this court here confirms that the May 2017 mandate does not alter how the district court should decide the preclusive effect of the *T-Mobile* ruling, which did not exist in May 2017. The district court must

consider Sprint's preclusion motion—including any issues about what patent claims were actually the subject of this court's *T-Mobile* ruling—by applying the standards of *Mendenhall v. Barber-Greene Co.*, 26 F.3d 1573 (Fed. Cir. 1994), its successors, and any other relevant law. When affirming the judgment against Sprint, this court did not address or adjudicate, explicitly or implicitly, the effect of a then-nonexistent invalidity ruling rendered in another case or the merits of a preclusion argument that could not then have been raised based on such a ruling. Accordingly, the May 2017 mandate should not be treated by the district court as altering whatever conclusion it would otherwise reach about Sprint's Rule 60(b) motion.

Accordingly,

IT IS ORDERED THAT:

The motion is denied.

FOR THE COURT

July 25, 2017                     /s/ Peter R. Marksteiner
   Date                               Peter R. Marksteiner
                                      Clerk of Court